UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-10050-CR-MOORE

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

HECTOR LEONARDO GUAGA-ALARCON,

    Defendant.
_____

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Defendant's pro se Motion for an Order Reopening Criminal Proceedings to Recall the Judgment of Guilty (ECF No. 206), which was referred to United States Magistrate Judge, Lurana S. Snow, for Report and Recommendation. The Motion is fully briefed The Defendant was charged in a two-count Indictment with conspiracy to possess and possession with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States. and ripe for consideration.

(ECF No. 7) He proceeded to trial, but the jury was unable to reach a verdict. (ECF No. 42) On retrial, following the Court's denial of the Defendant's motion for judgment of acquittal, the Defendant was convicted on both counts. (ECF No. 117) The Defendant was sentenced to a total prison term of 240 months, followed by 5 years of supervised release. (ECF No. 140) The Defendant appealed his conviction and sentence, and the Eleventh Circuit affirmed. (ECF No. 199) The Defendant's petition for *certiorari* to the United States Supreme Court was denied on November 10, 2020. (ECF No. 203)

The Defendant alleges that the Government failed to prove each element of the crimes with which he was charged. He seeks relief pursuant to F.R. Crim. P. Rule 47(a), which simply states, "A party applying to the court for an order must do so by motion." The proper vehicle to obtain the relief the Defendant seeks is a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. See, e.g., Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir. 2001). Construing the instant Motion as a § 2255 motion, it is untimely. Pursuant to 28 U.S.C. § 2255(f)(1), a § 2255 motion must be filed no later than one year from "the date on which the judgment of conviction becomes final." In this case, the conviction became final on November 10, 2020 when the Defendant's petition for *certiorari* was denied by the United States Supreme Court. The instant motion was not filed until January 21, 2022, and therefore is time-barred.

Having considered carefully the papers, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the the Defendant's Motion for an Order Reopening Criminal Proceedings to Recall the Judgment of Guilty (ECF No. 206) be DENIED.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,

794 (1989); 11th Cir. R. 3-1..

        DONE AND SUBMITTED at Key West, Florida, this ___13th___ day of June, 2022.

                                    */s/ Lurana S. Snow*
                                    LURANA S. SNOW
                                    UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record and pro se party